**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WENDY SPALLA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GC SERVICES, LP )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br>FILE NO._____<br><br>**COMPLAINT WITH<br>JURY TRIAL DEMAND** |

NOW COMES PLAINTIFF WENDY SPALLA ("Plaintiff") complaining against DEFENDANT GC SERVICES, LP ("Defendant") and averring as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

> (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

### II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the New York State claim pursuant to 28 USC § 1367(a).

### III. PARTIES

3. Plaintiff, Wendy Spalla ("Plaintiff"), is a natural person residing in Erie County, New York.

4. Defendant, GC Services, LP, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt.  During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including Defendant contacting Plaintiff via telephone on a Sunday, November 8, 2009, and on a National Holiday, Veteran's Day (§ 1692c(a)(1));

   b) Falsely representing the character, amount, or legal status of Plaintiff's debt, including Defendant's collection agent, "Dawnie" citing an amount of the alleged debt to Plaintiff that was significantly higher than the amount cited in the Defendant's subsequent dunning letter ($3,947.95 was cited by "Dawnie" on multiple occasions over the phone, $3,816.95 was cited in by Defendant's dunning letter)(§ 1692e(2)(A));

   c) Using false representations and deceptive and unfair practices in connection with collection of an alleged debt from Plaintiff, including "Dawnie" stating to Plaintiff that

        she must provide her husband's employment information and annual income, as he was allegedly jointly liable for the debt (§ 1692e(10); § 1692f); and

    d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendant's collection agent, "Dawnie," stating to Plaintiff that she must place a $50.00 "good faith" deposit to secure the "settlement offer" of paying half of the $3,947.95 alleged total amount (which itself was inaccurate) immediately and the second half in $100.00 monthly payments without the computation of interest, that Defendant would not cash the good faith deposit until Plaintiff could confirm that she could meet the proposed payment arrangement, and then Defendant immediately cashing the $50.00 "good faith" deposit upon receipt of same in contravention of their tentative agreement (§ 1692e(10)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA;
- B. Actual damages pursuant to 15 USC 1692k and the Common Law of New York;
- C. Statutory damages pursuant to 15 U.S.C. § 1692k;
- D. Punitive Damages pursuant the Common Law of New York;
- E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of New York; and,
- F. For such other and further relief as may be just and proper.

This __19th__ day of January, 2010.

ATTORNEY FOR PLAINTFF
WENDY SPALLA

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
*Kurz & Fortas, LLC*
Attorneys for Plaintiff
80 Broad Street, 5th Floor
New York, NY 10004
(866) 971-7208 x 412
(866) 971-7209 (fax)
dkurz@Attorneysforconsumers.com

*PLEASE SEND ALL CORRESPONDENCE TO:*
Dennis R. Kurz
Kurz & Fortas, LLC
1936B North Druid Hills Road
Atlanta, Georgia 30319